RAMIREZ et al. v. CASTRO et al.

No. 10377.

Court of Civil Appeals of Texas. San Antonio.

Nov. 23, 1938.

Roy H. Walford and T. Gilbert Sharpe, both of San Antonio, for appellants.

F. B. Guerra, Jr., of Laredo, for appellees.

MURRAY, Justice.

Onecimo Castro, Delfina Castro, Sofia Castro, Rosenda Castro, Felipa Castro, and Virginia Saenz de Castro, instituted this suit against Alonzo Ramirez and Alonzo Taylor, the latter being sued in his official capacity as Sheriff of Jim Hogg County, seeking to enjoin the sale of certain real estate owned by the Castros.

Alonzo Ramirez had secured a judgment against the above named Castros in the sum of $452.44, had caused an execution to issue on the judgment, and the sheriff had levied upon 437 acres of land alleged to be owned by the Castros, who are the appellees herein. The injunction was sought on the theory that Onecimo Castro and his four sisters lived together as a family and were entitled to a homestead of 200 acres, which would be exempt from forced sale.

No evidence was introduced at the trial, but it was agreed that the witnesses would testify as alleged in the petition. We cannot lend our approval to this method of agreeing upon the facts in a case. The stipulation is not that the allegations in the petition are true, but only that the witnesses would testify to such facts. Such stipulation was hardly sufficient to justify the issuing of the writ of injunction.

After reading the petition we are left somewhat in confusion as to what the facts are which were alleged in the petition. However, this fact does appear: that there were more than 200 acres of land owned by Onecimo Castro and his four sisters. As Onecimo Castro and his four sisters composed but one family

there could not be more than a 200 acre exemption in the land. It is therefore apparent that the trial judge erred in enjoining the sale of all the land. Furthermore, the injunction went farther than the prayer in the petition. The prayer was only that the sale be enjoined until the amount of the exempt property could be ascertained, while the injunction as issued permanently enjoins the sale of all the land.

The order granting the injunction will be reversed and the cause remanded.